IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-122-BO-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, plaintiff, | ) ) ) | |
| v. | ) ) ) | O R D E R |
| AARON RICHARDSON, defendant. | ) ) ) | |

On May 30, 2017, defendant Aaron Richardson pled guilty to count nine, conspiracy to possessing, training, transporting and delivering an animal for purposes of participating in an animal fighting venture and aiding and abetting, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C §§ 49(a) and 2, and count twenty, possessing animals for the purpose of participating in an animal fighting venture, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. §49(a), of his indictment. On November 27, 2017, the government moved for an upward departure at sentencing pursuant to U.S.S.G. § 2E3.1. Defendant appeared before the Court for sentencing on December 1, 2017, and was notified that the Court contemplated the possibility of an upward departure. Defendant was sentenced to a term of 60 months' imprisonment in the Bureau of Prisons on count nine and 36 months' imprisonment on count twenty, for a total of 96 months. The Court makes the following findings in support of its upward variance sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing

court must decide "whether a sentence within that range serves the factors set forth in § 3553(a)[1] and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. A sentence that deviates can do so on the basis of a Guidelines-sanctioned departure, in accordance with the § 3553(a) factors, or some other reason. *United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008). The "method of deviation from the Guidelines range—whether by departure or by varying—is

---

[1] The factors set forth in § 3553(a) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

2

irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the sentencing hearing, the Court found that defendant's advisory Guidelines range, as calculated by the Probation Office, was 12-18 months' imprisonment, based on a total offense level of 13 and a criminal history category of I. The maximum sentence applicable on either count is five years' imprisonment. Having considered the Presentence Investigation Report ("PSR"), the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), the Court finds that a variance sentence is appropriate in this case.

To begin, the Court finds that a departure from the Guidelines is warranted. Such a departure is appropriate for three reasons: the scale of defendant's involvement in dog fighting, the inadequacy of accounting for defendant's criminal history, and the existence of related uncharged conduct.

The sentencing guidelines for animal fighting ventures were updated in 2016 to better account for the cruelty and violence inherent in participating in such activity. U.S.S.G. §2E3.1. But the guidelines do not distinguish between different categories of offenders. Specifically, the guidelines do not differentiate between those offenders who engage in animal fighting once or twice and those who offend repeatedly over a long period of time. Because of this, the guidelines specifically account for the possibility of an upward departure for those offenses involving extraordinary cruelty or on an exceptional scale.

The scale of defendant's involvement in dog fighting was striking. According to the ASPCA, a typical offender is someone who attends animal fights occasionally and has one or two dogs or a few roosters, who are used for fighting a few times a year. The evidence here shows that defendant is not typical. 32 pit bulls were found on defendant's property. The animals

3

were scarred and wounded, with worn teeth and other signs of fighting. They were malnourished and underweight. One dog was missing a leg. Many of the dogs had to be euthanized. Defendant also had large amounts of dog fighting paraphernalia and training supplies, including treadmills, break sticks, veterinary supplies, steroids, heavy collars, and training chains, some weighing more than the dogs themselves. Defendant regularly attended dog fights and was heavily involved in breeding fighting dogs, even driving a van full of dogs from a breeder in Oklahoma. It is clear that dog fighting was an enterprise in which he invested significant time and money, working to expand the reach of dog fighting in this district. Because of the scale of his involvement, an upward departure is appropriate.

Second, the criminal history calculation as determined by the sentencing guidelines is inadequate here. The Sentencing Commission was prepared for this possibility, and provided for upward departures when a defendant's criminal history category "substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. §4A1.3(a)(1).

Whether prior sentences were not used in calculating the category is relevant to this inquiry. Of defendant's 31 adult criminal convictions, only one was scored for the purposes of determining his criminal history category. This means defendant has five unscored adult felonies. The volume and regularity of his criminal activity, including the number of offenses committed while on probation, is evidence that he does not have respect for the law and is likely to continue to commit crimes. Therefore, the Court finds that his criminal history category is underrepresentative and an upward departure is warranted.

Third, defendant's uncharged conduct merits a departure. According to the Sentencing Guidelines, underlying conduct that was not used for the purpose of determining the guideline

4

range may be considered. § 5K2.21. Throughout the investigation that lead to defendant's arrest and guilty plea, the government discovered evidence of defendant's involvement in selling drugs. Specifically, evidence detailed that defendant was involved in large heroin deals in 2015 and 2016. This information, which was incorporated into defendant's PSR and which defendant's counsel did not challenge, was not used to charge defendant. Therefore, it is appropriate to consider defendant's history of drug dealing, which supports departing upward from defendant's guidelines range.

The § 3553(a) factors also militate in favor of an upward variance in this case. Dog fighting is a cruel enterprise, and defendant was deeply involved in it. Dog fights are brutal and drawn out: dogs sustain significant injuries and sometimes are put down after the fight. The dogs' suffering is not limited to the actual fight: dogs are trained to be aggressive and antagonistic, are kept under appalling conditions, and receive inadequate care. These offenses are serious and the sentence should match them. Additionally, defendant's character indicates that a higher sentence is warranted. He was first cited for cruelty to animals in 2004, more than twelve years ago. His lengthy criminal history and the flagrancy of his participation in dog fighting show both his lack of respect for the law and his likelihood to continue committing crimes. A variant sentence is necessary to provide adequate punishment and deterrence.

Accordingly, a sentence within the Guidelines range would be insufficient to adequately serve the § 3553(a) factors and the purposes of the sentencing statute. After considering defendant's individual circumstances and the facts of this case, the Court holds that a variance sentence of 60 months' imprisonment on count nine and 36 months' imprisonment on count twenty is appropriate and reasonable in this matter. This Court also imposes a term of three years' supervised release, on the condition that defendant not engage in any activity related in

5

any fashion to dog fighting, or owning, harboring, possessing or caring for any dog without the approval of the Probation Office.

SO ORDERED, this 6 day of December, 2017

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE